UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH BRISTOW, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNPOWER CORPORATION, et al.,<br><br>Defendants. | Case No. 16-cv-04710-RS |
| JAY PATEL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNPOWER CORPORATION, et al.,<br><br>Defendants. | Case No. 16-cv-04915-RS<br><br>**ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL** |

These are putative class actions alleging that defendant SunPower Corporation and certain of its officer and directors knowingly made materially false and/or misleading statements, and failed to disclose material adverse facts about SunPower's business, operations, and prospects, with the result that SunPower's stock price was artificially inflated during the putative class period

earlier this year.  Five separate motions have been filed by various plaintiff and plaintiff groups seeking appointment as lead plaintiffs and lead counsel under the Private Securities Litigation Reform Act of 1995 ("PSLRA").  All of the motions also seek consolidation of the two actions captioned above.  As that request is unopposed and appears warranted, consolidation is hereby granted.

Under the PSLRA, courts considering motions for appointment as lead plaintiff "shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that—

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).

The Ninth Circuit has recognized that district courts deciding motions for appointment as lead plaintiff under this provision should follow a three-step process. *In re Cavanaugh*, 306 F.3d 726, 729–30 (9th Cir.2002). First, the court must determine whether the PSLRA's requirement of notice to the class has been satisfied. *Id*. at 729.

In the second step, the court must consider the financial interest of the potential plaintiffs, as the potential plaintiff with the greatest financial interest is presumptively the most adequate plaintiff. *Cavanaugh*, 306 F.3d at 729–30. Finally, in the last step, the court must give the other potential plaintiffs the chance to rebut the presumptive lead plaintiff's showing that it satisfies the typicality and adequacy requirements of Rule 23(a). *Id*. at 730. Only if they are successful in this does the court turn to the plaintiff with the next greatest financial interest and determine whether they meet the Rule 23(a) requirements. *Id*.

Here, three of the original five applicants have abandoned their motions, in light of the showings made by the others.  The two remaining competitors are (1) proposed lead plaintiff

Mundeog Seol, with the class to be represented by Brower Piven, A Professional Corporation, as lead counsel, and Finkelstein Thompson, LLP, to serve as liaison counsel, and; (2) a group calling itself "the SunPower Investor Group,"[1] with the class to be represented by the The Rosen Law Firm, P.A. as lead counsel, and Glancy Prongay & Murray LLP, to serve as liaison counsel.

There is no dispute that both Seol and the SunPower Investor Group, and their respective attorneys, are eligible and qualified to lead the litigation.  The only question to be decided is which has the "greatest financial interest."  The Ninth Circuit has not provided clear guidance as to the metrics district courts should use in determining which potential lead plaintiff has the largest financial interest in a case, noting only that "the court may select accounting methods that are both rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir.2002). Courts in this district and elsewhere have used a variety of methods to estimate the financial interest of potential plaintiffs. *See Perlmutter v. Intuitive Surgical, Inc.*, 2011 WL 566814 (N.D.Cal. Feb. 15, 2011) (describing different approaches).

Seol contends that under *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336 (2005), plaintiffs may only recover the amount of the decline in the subject security that occurred in response to the curative revelation at the end of the class period.  Seol therefore calculates his losses as the difference between the closing price of SunPower shares the day before it made the disclosures that led to its share price plunging, and the price at which he sold his shares immediately thereafter.  Seol claims a total loss of $287,950.  Calculating the SunPower Investor Group's losses using the same method, Seol contends its members suffered a total loss only in the lesser amount of $255,747.50.

The SunPower Investor Group insists that *Dura* does *not* render consideration of the prices plaintiffs paid for their stock wholly irrelevant, and that therefore Seol's calculations are flawed.

---

[1] One of the other, now-abandoned, motions was brought by a different set of individuals also calling themselves "the SunPower Investor Group."  The group still pursuing appointment consists of individual shareholders  Ricardo Manes, Padraig McGowan, James Nguyen, Kevin Korbaylo, and Jason Martinez.

Under the SunPower Investor Group's calculation methodology, its members' losses total $354,909.42, whereas Seol's losses (calculated the same way) total only $306,050.00. Even assuming Seol's calculation method is completely invalid, however, the SunPower Investor Group cannot get around the fact that it is composed of separate individual investors who had no connection prior to this litigation. Ordinarily, courts refuse to aggregate the interests of multiple plaintiffs who lack a pre-existing relationship. *See*, *e.g.*, *In re Network Associates, Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1019-37 (N.D. Cal. 1999) (refusing to aggregate losses of unrelated plaintiffs because doing so would result in attorney-driven litigation, undermining the PSLRA's goal of plaintiff-driven litigation); *In re Donnkenny Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997) ("To allow an aggregation of unrelated plaintiffs to serve as lead plaintiffs defeats the purpose of choosing a lead plaintiff. One of the principal legislative purposes of the PSLRA was to prevent lawyer-driven litigation.").

The SunPower Group correctly notes that some cases have approved lead plaintiff status for such aggregations of otherwise unrelated plaintiffs. It has not shown, however, that courts do, or properly may, allow aggregations of plaintiffs to serve as lead in instances where there is an otherwise completely qualified and suitable plaintiff whose losses undisputedly exceed those of any of the individuals in the group.

Accordingly, the motion of Mundeog Seol to be appointed as lead plaintiff, with the class to be represented by Brower Piven, A Professional Corporation, as lead counsel, and Finkelstein Thompson, LLP, to serve as liaison counsel, is granted, and the competing appointment motions are denied.

**IT IS SO ORDERED**.

Dated: December 9, 2016

RICHARD SEEBORG
United States District Judge